IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:14-CR-108-FL-1
No. 7:16-CV-97-FL

HERVEY ALLEN RANSOM,            )
                                )
            Petitioner,         )
                                )
       v.                       )        ORDER
                                )
UNITED STATES OF AMERICA,       )
                                )
            Respondent.         )

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255 (DE 39). Also before the court is the government's motion to dismiss, made pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 49). The issues raised are ripe for ruling. For the reasons that follow, the court denies petitioner's motion to vacate and grants the government's motion to dismiss.

**BACKGROUND**

On March 11, 2015, pursuant to a written plea agreement, petitioner pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1). On September 15, 2015, this court sentenced petitioner to 101 months' imprisonment. Petitioner did not appeal his judgment.

On May 5, 2016, petitioner filed the instant § 2255 motion, arguing that in light of <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015): 1) he no longer has the predicate convictions to support the application of the Armed Career Criminal Act ("ACCA") sentencing enhancement; and 2) his attorney provided ineffective assistance of counsel. On July 25, 2016, the government filed its

motion to dismiss, arguing that petitioner's § 2255 motion should be dismissed for failure to state a claim upon which relief can be granted.

**COURT'S DISCUSSION**

A.  Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B.  Analysis

   1.  Petitioner fails to state a claim for relief.

       a.  ACCA enhancement

In his first claim, petitioner argues that following the Supreme Court's decision in Johnson, he no longer has the predicate convictions to support the ACCA sentencing enhancement. Mot. Vacate (DE 39-1) at 1-2.

On June 26, 2015, in Johnson, the Supreme Court addressed whether increasing a defendant's sentence based on the residual clause contained in 18 U.S.C. § 924(e)(2)(B)(ii) violates due process. 135 S. Ct. at 2551. The residual clause provided that an offense was a "violent felony" for purposes of § 924(e), if it "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Court in Johnson held that

2

"[i]ncreasing a defendant's sentence under the [residual] clause denies due process of law." 135 S. Ct. at 2557. On April 18, 2016, the Supreme Court decided Welch v. United States, 136 S. Ct. 1257, 1268 (2016), which held that Johnson applies retroactively to cases on collateral review.

This claim fails because the Supreme Court did not strike the four enumerated offenses found in 18 U.S.C. § 924(e)(2)(B)(ii). Johnson, 135 S. Ct. at 2563. As is relevant to this case, burglary is an enumerated offense. See 18 U.S.C. § 924(e)(2)(B)(ii). The Fourth Circuit Court of Appeals has held that the North Carolina offense of breaking and entering qualifies as a burglary under § 924(e). United States v. Mungro, 754 F.3d 267, 272 (4th Cir. 2014).

Petitioner has several North Carolina convictions for breaking and entering that occurred on occasions different from one another and were punishable by more than a year of imprisonment. See PSR ¶¶ 12, 13, 14, 15.[1] Because Johnson does not impact whether petitioner's breaking and entering convictions qualify as violent felonies for purposes of the ACCA, this claim must fail. Consequently, petitioner's first claim must be dismissed.

   b.  Ineffective assistance of counsel

Petitioner alleges in his second claim that his attorney provided ineffective assistance of counsel by failing to make a timely objection to the predicate convictions that supported application of the ACCA enhancement. Mot Vacate (DE 39-1) at 1-3.

In order to establish ineffective assistance of counsel, a petitioner must satisfy a two-pronged test. See Strickland, 466 U.S. at 687. First, a petitioner must show that the representation "fell

---

[1] Petitioner has an additional predicate, which is a conviction for North Carolina assault by strangulation. See PSR ¶ 22; see also United States v. McMillian, 652 F. App'x 186, 193 (4th Cir. 2016) (holding that the North Carolina offense of assault by strangulation is a "crime of violence").

below an objective standard of reasonableness." Id. at 688. The court must be "highly deferential" to counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. Under the second prong, a petitioner must show that he was prejudiced by the ineffective assistance by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. This court will apply the Strickland standard to petitioner's ineffective assistance of counsel claim.

This claim fails under both prongs of the Strickland standard. It fails under the first prong because petitioner has failed to show that failing to object was deficient performance. See Strickland, 466 U.S. at 689 (noting that a fair assessment of counsel's conduct requires an evaluation from counsel's perspective at the time); see also United States v. Kilmer, 167 F.3d 889, 893 (5th Cir. 1999) (holding that "[a]n attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim"); Moore v. United States, 934 F.Supp. 724, 731 (E.D. Va. 1996) (holding that "[f]ailure to raise a meritless argument can never amount to ineffective assistance"). This claim fails under the second prong because petitioner's predicate convictions remain valid following Johnson, and therefore, petitioner cannot show that the outcome of the proceeding would have been different if his attorney had objected. Accordingly, petitioner's second claim must be dismissed.

2. Petitioner's opposition

Petitioner argues that the Supreme Court's decision in Mathis v. United States, 136 S. Ct. 2243 (2016), controls the outcome of this case. Opp'n (DE 53) at 2. In particular, petitioner

contends that Mathis casts doubt on the Fourth Circuit's holding in Mungro. Id. at 2-5.

In Mathis, the Supreme Court held that when determining whether an offense qualifies as a predicate under the ACCA, the court takes a modified categorical approach, which means looking to the statutory elements of the offense rather than the means of commission. 136 S. Ct. at 2257. The Supreme Court's decision in Mathis is unrelated to its decision in Johnson. Therefore, petitioner's claim that his breaking and entering convictions no longer qualify as burglaries under the ACCA is a new claim for relief.

A one-year period of limitation applies to claims in a § 2255 motion. See 28 U.S.C. § 2255(f). The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

In this case, petitioner's judgment was entered on September 22, 2015. (See DE 37). Petitioner's judgment became final after the time period for appeal expired on October 7, 2015, and thus ran until October 7, 2016. See Fed. R. App. P. 4(b)(1)(A) (providing that a defendant must file a notice of appeal within 14 days after the entry of judgment). Petitioner filed the instant § 2255

claim on October 17, 2016, at the earliest.[2] (See DE 53). Thus, petitioner was approximately ten days out-of-time under § 2255(f)(1).

Petitioner has also failed to show that his Mathis claim is timely pursuant to § 2255(f)(3) for two reasons. First, Mathis did not set forth a new rule of constitutional law. See Mathis, 136 S. Ct. at 2257 (indicating its decision was based on longstanding precedent); see also United States v. Saunders, Nos. 7:09CR00021-01, 7:16CV81214, 2017 WL 1612542, at *3 (W.D. Va. Apr. 28, 2017) (concluding that Mathis did not announce a new rule of law). Second, the Supreme Court has not made Mathis retroactively applicable to cases on collateral review. See Mathis, 136 S. Ct. at 2243; see also In re Lott, 838 F.3d 522, 523 (5th Cir. 2016) (per curiam) (denying authorization to file a successive application under 28 U.S.C. § 2255(h)(2) on the basis that the movant failed to make a prima facie showing that Mathis set forth a new rule of constitutional law that has been made retroactive to cases on collateral review).

Petitioner has also not shown that he is entitled to equitable tolling. In order to prevail on an equitable tolling theory, a petitioner must demonstrate that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way. Holland v. Florida, 560 U.S. 631, 649 (2010); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (framing the inquiry as a three-part test where an otherwise time-barred petitioner must show: (a) extraordinary circumstances, (b) beyond his control or external to his own conduct, (c) that prevented him from making a timely filing).

---

[2] A pleading submitted by a prisoner acting pro se is deemed filed on the date it is delivered to prison officials for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988). In this case, petitioner represents that he placed his opposition in the prison mailing system on October 17, 2016. See Opp'n (DE 53) at 6.

Petitioner presents no extraordinary circumstances that prevented him from filing a timely § 2255 claim. See, e.g., Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (holding attorney miscalculation of deadline is not sufficient to warrant equitable tolling); Sosa, 364 F.3d at 512 (holding that ignorance of the law is not a basis for equitable tolling in the case of an unrepresented prisoner); Rouse v. Lee, 339 F.3d 238, 248-50 (4th Cir. 2003) (holding attorney miscalculation of deadline is not sufficient to warrant equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (holding that unfamiliarity with the law due to illiteracy or pro se status does not toll the limitations period). In sum, petitioner has demonstrated neither that he pursued his rights diligently, nor that some extraordinary circumstance prevented the timely filing of his Mathis claim. Consequently, the claim is dismissed as untimely.

In any event, petitioner's argument is without merit because Mathis is inapposite. The North Carolina breaking or entering statute criminalizes breaking or entering "any building," where "building" is defined to include "any dwelling, dwelling house, uninhabited house, building under construction, building within the curtilage of a dwelling house, and any other structure designed to house or secure within it any activity or property." N.C. Gen. Stat. § 14-54 (emphasis added). The Iowa burglary statute at issue in Mathis, by contrast, "reaches a broader range of places: 'any building, structure, or land, water, or air vehicle.'" 136 S. Ct. at 2250 (quoting Iowa Code § 702.12 (2013)) (emphasis and alterations as in Mathis). This difference is critical because a statute criminalizing burglary of a vehicle does not satisfy the generic definition of burglary to qualify as an ACCA predicate. Id.

In sum, petitioner's Mathis claim is both untimely and without merit. Therefore, this claim must be dismissed.

7

**CONCLUSION**

Based on the foregoing, the court DENIES petitioner's motion to vacate (DE 39) and GRANTS the government's motion to dismiss (DE 49). The court also DENIES a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 26th day of May, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge