IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:14-CR-108-FL-1
NO. 7:19-CV-225-FL

| | |
|---|---|
| HERVEY ALLEN RANSOM, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

Petitioner, a federal inmate proceeding pro se, filed the instant motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, (DE 63). The matter is before the court for an initial review of the motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. For the reasons stated below, the court finds the motion is an unauthorized, successive § 2255 motion, and dismisses the motion without prejudice.

## BACKGROUND

On March 11, 2015, pursuant to a written plea agreement, petitioner pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). On September 15, 2015, the court sentenced petitioner to 101 months' imprisonment. Petitioner did not appeal his judgment.

On May 5, 2016, petitioner filed his first motion to vacate, set aside, or correct sentence, pursuant to § 2255. On May 26, 2017, the court granted the government's motion to dismiss and denied petitioner's motion. On November 15, 2019, petitioner filed the instant § 2255 motion

seeking relief under Johnson v. United States, 135 S. Ct. 2551 (2015) and Mathis v. United States, 136 S. Ct. 2243 (2016).

## DISCUSSION

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive [§ 2255] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Because petitioner previously filed a § 2255 motion that was denied on the merits, he must first obtain an order from the United States Court of Appeals for the Fourth Circuit authorizing him to file a second or successive § 2255 motion in this court. In the absence of such order, the court lacks jurisdiction to consider the claims presented in the instant motion. See United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003), abrogated in part on other grounds by United States v. McRae, 793 F.3d 392 (4th Cir 2015).

Having determined the instant motion must be dismissed, the court next considers whether petitioner is entitled to a certificate of appealability. A certificate of appealability may only issue upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Buck v. Davis, 137 S. Ct. 759, 777 (2017); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). After reviewing the claims presented in light of the applicable standard, the court denies a certificate of appealability.

## CONCLUSION

Based on the foregoing, the court DISMISSES the motion (DE 63) without prejudice to petitioner requesting pre-filing authorization from the Fourth Circuit to file a second or successive § 2255 motion. The court DENIES a certificate of appealability.

SO ORDERED, this the 19th day of November, 2019.

LOUISE W. FLANAGAN
United States District Judge